IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ROBERT GENE MONK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV 323-035 |
| | ) |
| LAURENS COUNTY DETENTION | ) |
| CENTER; SHERIFF LARRY DEAN; and | ) |
| CAPTAIN DONELLE PEACOCK, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Coffee Correctional Facility in Nicholls, Georgia, is proceeding *pro se* and in *forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983 concerning events alleged to have taken place at Laurens County Detention Center in Dublin, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   SCREENING THE COMPLAINT**

   **A.   BACKGROUND**

Plaintiff names as Defendants: (1) Laurens County Detention Center, (2) Sheriff Larry Dean, and (3) Captain Donelle Peacock. (Doc. no. 1, pp. 1-3.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On October 17, 2021, while housed at Laurens County Detention Center ("LCDC"), Plaintiff was involved in a physical confrontation with another inmate and placed in disciplinary segregation. (Id. at 7.) Plaintiff was released from segregation on November 7, 2021. (Id.) During his time in segregation, Plaintiff was served three cold meals a day by LCDC under the authority of Defendant Peacock. (Id.) Plaintiff heard Defendant Peacock started cold meals as a form of punishment in 2017. (Id. at 9.) If such contention is true, more than one hundred inmates' civil rights have been violated. (Id.)

On November 18, 2021, Plaintiff's dorm was placed on lockdown and served three cold meals. (Id. at 7.) Plaintiff and other inmates sent grievances complaining of the cold meals. (Id.) Starting on November 22, 2021, the dorm received hot meals again. (Id.) On November 29, 2021, Plaintiff received a response to his grievance, which stated that kitchen staff was following an old procedure and were instructed to fix the issue. (Id. at 6, 8.) Plaintiff believes that if he and the other inmates did not submit grievances, the kitchen staff would have continued serving cold meals. (Id.)

Unidentified individuals also withheld razors and fingernail clippers. (Id.) Plaintiff requests 1.5 million dollars in damages. (Id. at 5.)

B.     DISCUSSION

1.     **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Jail is Not Subject to Liability in a § 1983 Suit

Defendant LCDC is not a proper party because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); Bolden v. Gwinnett Cty. Det. Ctr. Med. Admin. Med. Doctors & Staff, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all."). Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983; see also Georgia Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue") (quotations omitted). Thus, Plaintiff fails to state a claim upon which relief can be granted against the LCDC.

### 3. Plaintiff Fails to State a Claim for Supervisory Liability Against Defendants Dean and Peacock

Plaintiff fails to state a claim for relief against Defendants Dean and Peacock by virtue of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir.

2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff specifically names two individuals Defendants, not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions with LCDC.  (Doc. no. 1, pp. 7-8.)  Moreover, Plaintiff does not even implicate Defendant Dean in the relevant portions of his statement of claim.  Instead, he merely makes a preliminary argument that Defendants allowed the complained of violations of Plaintiff's rights by the kitchen staff because the staff is under Defendants' supervision and authority.  (See id.)

Therefore, Plaintiff must allege a causal connection between these defendants and the asserted constitutional violations in order to hold them liable.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established

"when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection to hold Defendants liable. Plaintiff simply writes that kitchen staff served him cold meals in segregation and when his dorm went on lockdown but provides no support for these statements other than Defendants' status as supervisors and a mere conclusory assertion that he heard Defendant Peacock started the cold meals as punishment. (Doc. no. 1, p. 9.) While such allegation is alarming, Plaintiff goes on to state that "if this is in fact true" then there would be a violation of inmates' constitutional rights but provides no evidence or facts to support the assertion. Moreover, Plaintiff admits the issue was quickly fixed and the inmates were served hot meals again.

Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment of detainees at LCDC, (2) an improper custom or policy put in place by either Defendant regarding treatment of detainees, or (3) an inference any of these supervisory Defendants directed prison employees to act, or knew they would act, unlawfully. In sum, Plaintiff has not

6

shown Defendants actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief may be granted against Defendants Dean and Peacock.

### 4. Plaintiff Fails to Allege a Valid Eighth Amendment Claim

To the extent Plaintiff is attempting to state a deliberate indifference claim against Defendants because he did not receive hot meals for several days, the claim fails. "[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)).

Second, Plaintiff must satisfy a subjective prong by showing that Defendants acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

Plaintiff receiving cold meals for several days does not rise to the level of violating contemporary standards of decency. Plaintiff concedes the issue was quickly addressed and the inmates were severed hot meals again. "[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (*per curiam*) (citation omitted). Furthermore, Plaintiff alleges no physical harm or an unreasonable risk of serious damage to his health based upon cold meals. See Snelling v. Georgia, 2021 WL 7083234, at *2 (S.D. Ga. Oct. 19, 2021), *adopted by*, 2022 WL 509116 (S.D. Ga. Feb. 18, 2022) (dismissing inmate's claim prison regularly served him cold food because he failed to allege cold food poses imminent danger of serious physical injury); see also Littlejohn v. Blanton, 2008 WL 701385, at *3, *6 (D.S.C. Mar. 13, 2008) (prisoner is not in imminent danger of injury when he is served cold food); Jones v. Large, 2005 WL 2218420, at *1 (W.D. Va. Sept. 13, 2005) (prisoner failed to allege that cold food caused him a risk of serious physical injury).

Not only has Plaintiff failed to allege a sufficiently serious condition from cold meals, but nowhere does Plaintiff allege Defendants had the necessary culpable state of mind to know

8

cold meals posed any significant risk of harm to Plaintiff. Simply put, the Eighth Amendment requires a prisoner only receive reasonably adequate food so there is no constitutional violation here. Farmer, 511 U.S. at 832.

In sum, Plaintiff has not alleged extreme conditions that Defendants knew posed an unreasonable risk of serious damage to Plaintiff, and he fails to state a valid Eighth Amendment claim.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of July, 2023, at Augusta, Georgia.

```
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```